1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5

6

7

8

9

| | |
|---|---|
| CAROL ROJAS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:13-cv-01256-GMN-CWH |
| vs. ) | |
| ) | **ORDER** |
| LEWIS BRISBOIS BISGAARD & SMITH ) | |
| LLP, a California corporation, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

10

11

12

13

14

     Pending before the Court is the Motion to Reconsider (ECF No. 30) filed by Plaintiff Carol Rojas ("Plaintiff") on August 13, 2014.  Defendant Lewis Brisbois Bisgaard & Smith LLP ("LBBS") filed its Response (ECF No. 32) on September 2, 2014.  Plaintiff filed her Reply (ECF No. 33) on September 8, 2014.  For the reasons addressed below, the Court **Denies** Plaintiff's Motion to Reconsider.

15

**I.**     **BACKGROUND**

16

17

18

19

20

21

22

23

24

25

     Plaintiff was Legal Assistant for LBBS between July 18, 2007 and July 9, 2010, when she resigned citing medical reasons. (Compl. ¶¶ 11, 25, ECF No. 1).  Following her resignation, Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") alleging that she was discriminated against based on her age and medical disability. (*Id.* ¶ 4).  On April 25, 2013, Plaintiff received her Right to Sue from the EEOC and subsequently, while proceeding pro se, filed her Complaint. (*Id.* ¶ 6). The Complaint alleges five claims for relief against LBBS for discrimination based on age in violation of the Age Discrimination in Employment Act (the "ADEA") and the corresponding Nevada statute, for discrimination based on disability in violation of the Americans with Disabilities Act (the "ADA") and the corresponding Nevada statute, and for tortious discharge. (*Id.* ¶¶ 31–62).

1    On her first day of work, however, Plaintiff had signed a "Mutual Agreement to

2  Arbitrate Claims" (the "Agreement to Arbitrate"), (Exs. 3 and 7 to Plaintiff's Decl. in Supp.,

3  ECF No. 12); *see also* (Ex. A to Mot. to Dismiss, ECF No. 8).  Accordingly, in response to the

4  Complaint, LBBS filed a Motion to Dismiss (ECF No. 8) asserting that all of Plaintiff's claims

5  are covered by the Agreement to Arbitrate and must be resolved through arbitration. (*Id.* 4:1-3).

6  On July 18, 2014, this Court found the Agreement to Arbitrate was valid and enforceable,

7  granted LBBS's motion, and dismissed the case. (Order 10:4-15, ECF No. 25).  After the case

8  was dismissed, Plaintiff—who had obtained counsel on April 11, 2014 (ECF No. 22)—

9  subsequently filed the current motion seeking to reopen and stay the case pending resolution of

10  the arbitration. (Mot. to Reconsider 1:19-2:11, ECF No. 30).

11  **II.    LEGAL STANDARD**

12    A motion to reconsider a final appealable order is appropriately brought under either

13  Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950

14  F.2d 1437, 1442 (9th Cir. 1991); *see also United States v. Martin*, 226 F.3d 1042, 1048, n.8

15  (9th Cir. 2000).  When a motion to reconsider is timely filed within the 28-day period specified

16  under the statute, it is treated as a Rule 59(e) motion. *See Am. Ironworkers & Erectors Inc. v.*

17  *N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

18    Motions for reconsideration under Rule 59(e) are committed to the discretion of the trial

19  court. *See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir.

20  1993).  However, absent highly unusual circumstances, a district court should not grant a

21  motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure unless the

22  court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial

23  decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.*

24  at 1263; *see also Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Furthermore,

25  although the court enjoys discretion in granting or denying a motion under this rule, "amending

1 a judgment after its entry remains an extraordinary remedy which should be used sparingly."

2 *Herron*, 634 F.3d at 1111 (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir.

3 1999)) (internal quotations omitted).

4 **III.   DISCUSSION**

5     In asking this Court to reconsider its Order dismissing this case and instead stay the case

6 pending arbitration, Plaintiff asserts that dismissal of her case resulted from the Court's error or

7 from Plaintiff's excusable neglect as a pro se party in not asking for a stay pending arbitration.

8 (Mot. to Reconsider 4:1-5:26, ECF No. 30).  Additionally, Plaintiff points out that the Ninth

9 Circuit has recently expressed its "preference for staying an action pending arbitration rather

10 than dismissing it." *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 9 (9th Cir. 2014).

11     However, as Plaintiff recognized in her brief, the Federal Arbitration Act (the "FAA")

12 does not mandate staying the action pending arbitration and this Court holds discretion in either

13 granting such a stay or dismissing the action. *See* 9 U.S.C. § 3; *Nagrampa v. MailCoups, Inc.*,

14 469 F.3d 1257, 1276–77 (9th Cir. 2006); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638

15 (9th Cir. 1988).  Therefore, although the Ninth Circuit has expressed a preference for staying

16 actions pending arbitration, that preference does not foreclose this Court from properly entering

17 a dismissal of an action or render such a dismissal as clear error. *See MediVas*, 741 F.3d 7–9

18 (recognizing as acceptable cases where the district court dismissed actions rather than staying

19 them pending arbitration).  Moreover, Plaintiff has not proffered any argument showing that

20 any of the other enumerated reasons for granting the "extraordinary remedy" of reconsideration

21 are applicable here.  Plaintiff has not shown any newly discovered evidence or change in the

22 controlling law, nor has she presented any reason why dismissing her case rather than staying it

23 was "manifestly unjust."

24     Accordingly, the Court declines to reconsider its July 18, 2104 Order dismissing the

25 case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**IV.     CONCLUSION**

     **IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 30) is

**DENIED.**

     **DATED** this 27th day of January, 2015.

_____

Gloria M. Navarro, Chief Judge
United States District Judge